UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

N9 ADVISORS, LLC, on
its own behalf and on
behalf of Banq, Inc.,

    Plaintiffs,

v.                                                                                           Case No.:

BANQ, INC., JON JILES,
and PRIME TRUST LLC,

    Defendants.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Jon Jiles ("Jiles") submits the following Notice of Removal of this action from the Circuit Court for the Eleventh Judicial Circuit In and For Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. In support of this Notice of Removal and this Court's jurisdiction, Jiles states:

### Introduction and Procedural Background

1. The Complaint in the action styled *N9 Advisors, LLC v. Banq, Inc., Jon Jiles, and Prime Trust LLC*, Case Number CACE-22-013341, was filed in the Circuit Court for the Eleventh Judicial Circuit in and for Broward County, Florida on or about September 7, 2022.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and state court civil cover sheet are attached hereto as **Exhibits A-1 and A-2, respectively**, and are incorporated herein by this reference.

3. The United States District Court for the Southern District of Florida, Fort Lauderdale Division is the federal court district and division in which the state court action was filed.

4. The Complaint purports to state causes of action for breach of note, tortious interference, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.

5. As of this filing, none of Defendants Banq, Inc. ("Banq"), Jiles, and Prime Trust LLC ("Prime Trust") (collectively, "Defendants") have been served. On September 8, 2022, counsel for Jiles obtained a copy of the Complaint. Accordingly, pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed within 30 days after the receipt by Jiles, through service or otherwise, of a copy of the initial leading setting forth the claims for relief upon which such action or proceeding is based.

6. Removal to this Court is proper under 28 U.S.C. §§ 1332, 1441, and 1446 because, as shown below, this Court has diversity jurisdiction.

7. In removing this action, Jiles does not intend to waive any rights or defenses to which it is entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b) and 13.

8. Jiles is filing a copy of this Notice with the Circuit Court of the Eleventh Judicial Circuit In and For Broward County, Florida as required by 28 U.S.C. § 1446(d).

9. Jiles is also serving a copy of this Notice upon all adverse parties as required by 28 U.S.C. § 1446(d).

**Analysis**

10. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and

costs, and is between citizens of different States.

   **A.**  **The Amount in Controversy Exceeds $75,000.00**

   11. The allegations of the Complaint of Plaintiff N9 Advisors, LLC ("N9 Advisors") demonstrate that the alleged amount in controversy exceeds $75,000.00.

   12. Among other things, the Complaint arises out of a claim that Banq breached a Convertible Promissory Note (the "Note"), under which Banq promised to pay N9 Advisors $3,000,000.00 with an interest of 10% per annum, compounding annually. Compl. ¶¶ 6-12, 62-65.

   13. The Complaint also seeks additional monetary damages for Prime Trust's alleged interference with Banq and N9 Advisors' business or contractual relationship (Compl. ¶¶ 25-48, 67-70), Jiles' alleged breach of his fiduciary duties to Banq (*id.* ¶¶ 13-24, 72-78), and Prime Trust's alleged aiding and abetting of Jiles' breach of fiduciary duties (*id.* ¶¶ 80-83).

   14. Accordingly, N9 Advisors is claiming damages in this action of at least $3,000,000.00.

   15. Therefore, for the purposes of 28 U.S.C. § 1332, the matter in controversy exceeds the sum or value of $75,000.00.

   **B.**  **The Action is Between Citizens of Different States**

   16. The pleadings and papers in this matter also demonstrate that this action is between citizens of different States.

   17. "The citizenship of an LLC is the citizenship of each member." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1221 (11th Cir. 2017). "[I]n the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. . . . A limited liability company is a citizen

of any state of which a member is a citizen. . . . To sufficiently allege the citizenship of a limited liability company, a party must list all the members of the limited liability company along with each member's citizenship." *Jiangmen Benlida Printed Cir. Co. v. Circuitronix, LLC*, No. 21-60125-CIV, 2021 WL 230178, at *1 (S.D. Fla. Jan. 22, 2021) (internal citations omitted)).

18. However, "'residence alone is not enough' to establish diversity jurisdiction . . . Citizenship is separate and apart from residency; for purposes of diversity jurisdiction, it is equivalent to domicile, which 'requires both residence in a state and an intention to remain there indefinitely.'" *SMK Assocs., LLC v. Lorali, Inc.*, No. 14-CV-61460, 2014 WL 11776946, at *1 (S.D. Fla. Dec. 9, 2014) (quoting *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013)).

19. Prime Trust is a Nevada limited liability company. Prime Trust's sole member, Prime Core Technologies, Inc., is a corporation formed under the laws of Delaware.

20. Jiles is domiciled in Nevada, and is therefore a resident of that state. *See Cordell Funding, LLLP v. Jenkins*, 722 F. App'x 890, 894 n.2 (11th Cir. 2018) ("For an individual, citizenship is determined by domicile, and it is well established that '[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'") (modification in original) (internal citation omitted)).

21. Banq is a Florida corporation with its principal and usual place of business located in Las Vegas, Nevada. Because 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," Banq is deemed to be a citizen of both the State of Florida and the State of Nevada for purposes of diversity jurisdiction.

22. According to Exhibit 1 to the Complaint, the Note, N9 Advisors is a Delaware limited liability company. A public records search did not identify N9 Advisors' members. Jiles is aware of one member of N9 Advisors, Petamber Pahuja, who, on information and belief, is a resident of Texas. *See id*.

23. Accordingly, on information and belief, N9 Advisors, on the one hand, and Banq, Jiles, and Prime Trust, on the other, are "citizens of different States" as contemplated by 28 U.S.C. § 1332(a)(1).

## Conclusion

24. Because, as shown above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b).

WHEREFORE, Jiles removes this action to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via ☒ U.S. Mail; ☐ Facsimile; ☒ E-Mail; ☐ Overnight Courier; and/or ☐ Hand Delivery on September 9, 2022 to:

Brian W. Toth, Esq.
btoth@tothfunes.com
Freddy Funes, Esq.
ffunes@tothfunes.com
Toth Funes P.A.
26 Southeast Second Avenue, Suite 805
Miami, FL 33131
Telephone: (305) 617-7850
*Attorneys for N9 Advisors, LLC*

*/s/ Michael P. Silver*
MICHAEL P. SILVER
Florida Bar No. 868701
Primary E-mail:      msilver@shutts.com
Secondary E-mail:   doneal@shutts.com
SHUTTS & BOWEN LLP
4301 W. Boy Scout Boulevard, Suite 300
Tampa, FL 33607
Telephone:   (813) 229-8900
Facsimile:    (813) 229-8901
*Attorneys for Jon Jiles*