UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61688-CIV-SMITH

N9 ADVISORS, LLC,

    Plaintiff,

vs.

BANQ, INC., JON JILES,
and PRIME TRUST, LLC,

    Defendants.
_____/

**ORDER GRANTING MOTION TO REMAND**

This matter is before the Court on Plaintiff, N9 Advisors, LLC's Motion to Remand ("Motion") [DE 19], and Defendants, Banq, Inc., Jon Jiles, and Prime Trust, LLC's ("Defendants") response [DE 20]. Plaintiff seeks to remand this case because one of Plaintiff's members and Banq, Inc. are Florida citizens; thus, there is no complete diversity of citizenship between the parties. Because there is not complete diversity among the parties, Plaintiff's Motion is granted.

**I.    Factual Background**

Plaintiff filed this action on September 7, 2022, in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. Before any Defendant was served, Jon Jiles filed his Notice of Removal on September 9, 2022, based on diversity jurisdiction. (Notice [DE 1] ¶ 6). In his Notice of Removal, Jiles states that he is a citizen of Nevada; Banq, Inc. is a citizen of Florida and Nevada; Prime Trust, LLC is a citizen of Delaware and Nevada; and that the amount in controversy exceeds $75,000.00. (*Id.* ¶¶ 11, 19-21.) Jiles asserts that Plaintiff is a Delaware limited liability company, and that upon information and belief one of its members is a resident of

Texas. Jiles claims, upon information and belief, the parties are "'citizens of different States' as contemplated by 28 U.S.C. § 1332(a)(1)." (*Id.* ¶ 23).

In its Motion to Remand, Plaintiff states that at least one of its members, is a Florida citizen and thus diversity of citizenship does not exist. SPDT Alternative Investments, LLC, ("SPDT AI") is one of Plaintiff's member entities. In support of the Motion, Plaintiff' filed a duly sworn declaration of Florida citizen, David Koche, ("Koche"), the sole trustee of SPDT AI's members. SPDT AI's membership is comprised of two Florida charitable remainder trusts: 1) SPDTI Alpha 2017 FLIP NDNIMCRUT and 2) SPDTI Beta 2017 FLIP NDNIMCRUT. (Koche Decl. [DE 19-3] ¶¶ 5-7).

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018). This Court has jurisdiction if it has either federal-question jurisdiction or diversity jurisdiction. *See Thermoset Corp. v. Bldg. Materials Corp*, 849 F.3d 1313, 1317 (11th Cir. 2017). "The district courts shall have [diversity] jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. For the Court to have diversity jurisdiction, "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Id.* Consequently, to sufficiently allege the citizenship of a limited liability company, "a party must

list the citizenships of all the members of the limited liability company." *Id.* In Florida, a trust can only sue or be sued in the name of its trustee. *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) (citing *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017)). For diversity jurisdiction purposes, the citizenship of a trust is determined by the citizenship of its trustees. *See Murphy*, 924 F.3d at 1143-44 (finding "if the trustee is diverse of Defendants, the trusts themselves are too."). Thus, to sufficiently allege the citizenship of a trust, a party must plead the citizenship

### III.  Discussion

In his Notice of Removal, Jiles admits that he is unaware of the membership composition of Plaintiff, N9 Advisors, LLC. As a threshold issue, Defendant Jiles has failed to adequately allege Plaintiff's citizenship because he has not alleged the citizenship of each of Plaintiff's members. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017) (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022 (11th Cir. 2004) ("a party must list the citizenships of all the members of the limited liability company." As the removing party, Jiles bears the responsibility to establish the Court's jurisdiction. Accordingly, Jiles has not established the Court's jurisdiction over this action because he does not list the citizenship of all Plaintiff's members. *Id.*

Moreover, in the Motion, Plaintiff argues that this Court does not have jurisdiction over this action because like Defendant Banq, Inc., one of Plaintiff's members, is a Florida citizen. So, Plaintiff is not diverse from all the Defendants. In support, Plaintiff provides Koche sworn declaration, in which he attests that he a Florida citizen and is the sole trustee of each of the SPDT AI's member trusts. Because the trusts derive their citizenship from their trustee, and SPDT AI's citizenship is determined by the citizenship of its members, SPDT AI is a Florida citizen.

In their Response, Defendants claim that the Court should reject Koche's sworn declaration and instead grant them leave to conduct limited jurisdictional discovery. Defendants point out no defect in Koche's declaration and provide no basis for the Court to reject it. Accordingly, the Court declines rejection of Mr. Koche's sworn declaration. Besides, the Court notes that within two days of Plaintiff filing its action in Florida state court, and in fact before any Defendant was served, Jiles removed the action to federal court. The time to conduct the required inquiries to ascertain the citizenship of all Plaintiff's members, was before removal of the action from state court. Consequently, the Court denies Defendants' request for leave to conduct jurisdictional discovery.

Because all Defendants are not diverse from Plaintiff, the Court does not have diversity jurisdiction over this case. Accordingly, it is

ORDERED that

1. Plaintiff's Motion to Remand [DE 19] is **GRANTED.**

2. This matter is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. All pending motions are **DENIED as moot**.

4. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of November 2022

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of record